DECISION AND JOURNAL ENTRY
 I.
Mr. Solis Aguirre was indicted by the Lorain County Grand Jury on September 24, 1997. He was arrested on the same day, for charges related to the part he played in an automobile accident on September 7, 1997, which resulted in the death of Holly Futo. On September 30, 1997, a superceding indictment was filed by the Lorain County Grand Jury charging Mr. Solis Aguirre with: (1) involuntary manslaughter, in violation of R.C. 2903.04(B); (2) aggravated vehicular homicide, in violation of R.C. 2903.06(A); (3) operating a motor vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, in violation of R.C. 4511.19(A)(1); (4) operating a motor vehicle with a concentration of ten-hundredths of one percent or more by weight of alcohol in his blood, in violation of R.C. 4511.19(A)(2); (5) willful or wanton disregard of safety on highways, in violation of R.C. 4511.20; (6) failing to maintain a safe assured clear distance, in violation of R.C. 4511.21; and (7) entering the dividing area of a divided highway, in violation of R.C. 4511.35.
On January 2, 1998, Mr. Solis Aguirre pleaded guilty to the charges of the superceding indictment. At the January 5, 1998 sentencing hearing, the trial court orally announced the sentence of four and one-half years for Mr. Solis Aguirre's conviction of aggravated vehicular homicide, a felony of the third degree, and sentenced Mr. Solis Aguirre accordingly on the remaining counts. He appealed the sentence that he received for aggravated vehicular homicide to this court. Although he received sentences of imprisonment or fines for four of the other counts arising out of the incident, he did not challenge those sentences on appeal. The judgment entry of conviction and sentence was dated January 6, 1998. We reversed the sentence imposed by the trial court in a decision journalized on April 20, 1999 and remanded the cause to the trial court for resentencing. State v. Solis Aguirre (Apr. 14, 1999), Lorain App. No. 98CA007026, unreported. On July 23, 1999, he was resentenced to five years for aggravated vehicular homicide. This appeal followed.
 II.
Mr. Solis Aguirre asserts two assignments of error. We will address each in turn.
 A.
First Assignment of Error
 THE LOWER COURT ERRED IN FAILING TO OBSERVE APPELLANT'S DUE PROCESS RIGHT TO BE FREE FROM THE IMPOSITION OF A MORE SEVERE SENTENCE ON RE-SENTENCING, UNDER NORTH CAROLINA v. PEARCE [sic].
 Mr. Solis Aguirre avers that the trial court erred by imposing a longer sentence on resentencing than was imposed initially. He alleges that under the holding of North Carolina v. Pearce (1969), 395 U.S. 711, 23 L.Ed.2d 656, the trial court was required to state on the record what the factual basis of the increased sentence was and that the court below failed to make such a statement. We disagree.
"[N]either the double jeopardy provision nor the Equal Protection Clause imposes an absolute bar to a more severe sentence upon reconviction."Id. at 723, 23 L.Ed.2d at 668. However, "[d]ue process of law 
requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." Id. at 725,23 L.Ed.2d at 669. Hence, the United States Supreme Court has mandated that
 whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.
Id. at 726, 23 L.Ed.2d at 670; see, also, United States v.Sanders (C.A.1, 1999), 197 F.3d 568, 573. However, the United States Supreme Court has limited the operation of Pearce to cases where there is a reasonable likelihood that vindictiveness actually motivated the second sentencing judge. Alabama v. Smith (1989),490 U.S. 794, 799, 104 L.Ed.2d 865, 873. Where there is no basis for a presumption of vindictiveness, such as where a second court in a two-tier system imposes a longer sentence, "the prophylactic rule of Pearce does not apply [and] the defendant may obtain relief if he can show actual vindictiveness upon resentencing." Texas v.McCullough (1986), 475 U.S. 134, 138, 89 L.Ed.2d 104, 111.
In the instant case, Mr. Solis Aguirre was resentenced by a different trial court judge than had imposed the sentence which this court reversed. Where there are two different sentencing judges, no presumption of vindictive motive arises and the burden is on the defendant to affirmatively show actual malice. Lodi v.McMasters (1986), 31 Ohio App.3d 275, 277. Mr. Solis Aguirre avers that the Pearce presumption operated, requiring the trial court judge to state his reasons for imposing a longer sentence upon resentencing. However, we conclude that as there were different sentencing judges, the trial court did not err in failing to state its reasons for imposing a longer sentence on resentencing, but rather, it was incumbent on Mr. Solis Aguirre to affirmatively show vindictive motive. As he has failed to show such vindictive motive, we conclude that the trial court did not err in imposing a longer sentence upon resentencing. Accordingly, Mr. Solis Aguirre's first assignment of error is overruled.
 B.
Second Assignment of Error
 THE LOWER COURT ERRED IN IMPOSING UPON DEFENDANT THE MAXIMUM SENTENCE ALLOWED FOR A THIRD DEGREE FELONY (5 YEARS), WHEN SUCH SENTENCE IS PURPORTEDLY BASED UPON APPELLANT'S BEING "AMONG THE WORST FORMS OF THE OFFENSE," BUT WHEN MANY OF THE FACTS SUPPORTING SUCH FINDING ARE EITHER UNTRUE OR UNSUPPORTED BY THE RECORD.
Mr. Solis Aguirre avers that while the trial court made the required findings in resentencing him pursuant to the Ohio Supreme Court's mandate in State v. Edmonson (1999), 86 Ohio St.3d 324, one of those findings had no factual basis in the record. Specifically, he asserts that the trial court's finding that he committed one of the worst forms of the offense was unsupported in the record. Essentially, Mr. Solis Aguirre asserts that the record did not support the trial court's finding that he committed one of the worst forms of the offense. We disagree.
The court hearing an appeal of a sentence * * * may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds * * * [t]hat the record does not support the sentence[.]
R.C. 2953.08(G)(1)(a).
 Absent other attendant circumstances, one who commits aggravated vehicular homicide is guilty of a third degree felony. R.C. 2903.06(B). The maximum sentence for a third degree felony is five years. R.C. 2929.14(A)(3). When a trial court imposes the maximum prison term for an offense, it must conduct a statutorily mandated analysis. See Edmonson, 86 Ohio St.3d 324. As part of this analysis, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
R.C. 2929.14(C).
One is guilty of aggravated vehicular homicide, in violation of R.C. 2903.06(A), if one "while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, recklessly cause[s] the death of another or the unlawful termination of another's pregnancy."
One is reckless if one,
 with heedless indifference to the consequences, 
perversely disregards a known risk that [one's] conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, [one] perversely disregards a known risk that such circumstances are likely to exist.
R.C. 2901.22(C).
While Mr. Solis Aguirre concedes that the trial court's recital of findings "apparently complies, in form, with the recently-decided [Edmonson, 86 Ohio St.3d 324] ," he complains that the evidentiary basis of the trial court's finding that he committed one of the worst forms of the offense was nonexistent. Hence, we must determine whether there was sufficient evidentiary material below for the trial court to conclude that Mr. Solis Aguirre committed one of the worst forms of the offense.
Mr. Solis Aguirre committed a multiplicity of offenses concurrently with the offense of aggravated vehicular homicide. Namely, he pleaded guilty not only to aggravated vehicular homicide but to driving under the influence of drugs or alcohol, reckless operation of a motor vehicle, failing to maintain a safe assured clear distance, and crossing the center portion of a divided highway. Furthermore, one person was killed in the automobile with which Mr. Solis Aguirre collided. Hence, we adduce that what occurred here was more than just a reckless swerve or split second action, but rather, encompasses a series of reckless behaviors including driving while intoxicated and crossing the center portion of a divided highway. Hence, we cannot conclude that the trial court's conclusion that Mr. Solis Aguirre committed one of the worst forms of the offense was clearly and convincingly not supported by the record. Accordingly, Mr. Solis Aguirre's second assignment of error is overruled.
 III.
Mr. Solis Aguirre's assignments of error are overruled. The decision of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
FOR THE COURT SLABY, J., CARR, J.