STATE OF MISSOURI, Respondent, v. ERNEST BIRD, Appellant.—No. 40904.—214 S. W. (2d) 38.

Division One, October 11, 1948.

*Geo. F. Addison* for appellant.

*J. E. Taylor*, Attorney General, and *John S. Phillips*, Assistant Attorney General, for respondent.

286

[38] HYDE, J.—Conviction for rape; defendant sentenced to two years' imprisonment, and has appealed.

Defendant and one Golden were tried and convicted together but Golden did not appeal. It is contended herein that a verdict should have been directed as to defendant. It is argued that no case was made against him either on the theory of aiding and abetting Golden in his rape or of his own forcible intercourse with the prosecuting witness, both of which were submitted. We find there was substantial evidence to support both submissions. Both defendant and Golden admitted having intercourse with prosecutrix but claimed it was with her consent; and it is argued that her testimony did not show sufficient resistance by her to sustain the verdict as to defendant.

The following facts were shown, considering the State's evidence to be true. The prosecutrix was 24 years old, 5 feet 4½ inches tall and weighed 135 pounds. She went to Salem on October 21, 1946, in a neighbor's truck, to try to obtain work. About 3:00 p. m. she started to walk to her home about 5 miles from town. At the junction of Highways 19 and 68 north of Salem, defendant drove up in his car and Golden, who was riding with him, got out and got her into the car, saying they would take her home. Her sister had introduced her to Golden on a previous occasion but she did not know defendant. Instead of driving on Highway 68 toward her home, they turned off on the Springcreek Road and in spite of her protests and screams drove off the main road into a wooded area. During this time they were taking liberties with her person against her will.

After the car was stopped both defendant and Golden continued to struggle with prosecutrix and pull up her dress; and stated their intentions to have intercourse with her. Finally Golden got out of the car and attempted to pull her out. She [39] was temporarily able to escape from him and ran toward the Springcreek Road; but, after she ran a short distance, Golden caught her, threw her to the ground and held her down. Defendant came to his assistance and

held her ankles until he saw that Golden could handle her, when he went back to the car. After Golden finished his intercourse with her, defendant came and had intercourse with her, while Golden stood by. She said she did not struggle much with defendant because she was too weak. However, she did say that she tried to get up but defendant pushed her down; that she slapped him and tried to get her legs back together; but that she was so weak she couldn't fight him much. Thereafter, Golden picked her up and lifted her into the car and they drove back on the Highway to a gate about a quarter of a mile from her home where they let her out.

Prosecutrix immediately told her mother, who said she came in crying about 5:30 P. M. As soon as her father got back from working at one of the neighbors, they all went to Salem, arriving there about 7:00 P. M., and told the Sheriff and the Prosecuting Attorney what had happened. The next morning the Prosecuting Attorney went to the scene of the rape; and he testified (being out of office at the time of the trial) that there was evidence of a struggle, with the leaves stirred up and even the dirt kicked up there. At this place, he also found a bow that was missing from one of the prosecutrix's shoes. A doctor who examined her said that there were abrasions on the front part of her thighs and that her hymen was torn in two places. He gave his opinion that she had not had a penetration before.

▉ Defendant argues that her clothes were not in such condition as to show such resistance as prosecutrix claimed to have made. However, these clothes were shown to the jury and it is in evidence that her stockings were torn and that there were runs in the rayon pants she wore. Our conclusion is that these issues of consent, resistance and force were questions for the jury to decide under this evidence. [See State v. Catron, 317 Mo. 894, 296 S. W. 141; State v. Wilkins, (Mo. Sup.) 100 S. W. (2d) 889; State v. Pyle, 343 Mo. 876, 123 S. W. (2d) 166; State v. Marshall, 354 Mo. 312, 130 S. W. (2d) 301.] We hold that the trial court properly submitted the case to the jury.

▉ Defendant further contends that the trial court improperly suggested to the prosecuting attorney a re-opening of the case to prove venue. Defendant says this was an abuse of discretion which was prejudicial. At the close of the State's evidence, defendants asked for a directed verdict. After a statement by defendants' counsel the following occurred:

"THE COURT: Is there any proof in the record of venue?

"MR. McNEILL: No, there is not.

"THE COURT: Are you asking permission to re-open for that purpose?

"MR. McNEILL: Yes, I had better."

(Objection and exception was made for defendants.)

288

We rule that the court's action was proper. When the omission of such an unquestioned fact, technically necessary to the case, is called to the court's attention, such action should be taken. Certainly it could not be prejudicial herein because we should take judicial notice that the place described, less than five miles from Salem, is in Dent County. [State v. Kenyon, 343 Mo. 1168, 126 S. W. (2d) 245.] This assignment is without merit.

■ Defendant also contends that the Court should have instructed on common assault. It is argued that this is true because defendants testified that their acts of intercourse were with prosecutrix's consent and that no force was used. If these were the facts, then no offense included in the charge was committed and the jury were so instructed. The evidence showed that if any assault was committed, the purpose of the assault was rape and that it was consummated. Therefore, if any offense was committed it was rape, so that an instruction on common assault would have been improper. [State v. King, 342 Mo. 975, 119 S. W. (2d) 277; State v. Mason, 322 Mo. 194, 14 S. W. (2d) 611; State v. [40] Hewitt, (Mo. Sup.) 259 S. W. 773; State v. Miller, 263 Mo. 326, 172 S. W. 385.] In other words, the issue was simply rape vel non, and there was no evidence to support an instruction on common assault.

We have searched the record proper for error, whether assigned or not, as required by Section 4150, R. S. 1939, Mo. Stat. Ann. and find none.

The judgment is affirmed. All concur.