VILLAGE OF LODI (THE STATE OF OHIO), APPELLEE, *v.* MCMASTERS, APPELLANT.

(No. 1509—Decided November 5, 1986.)

*Gregg F. Giegel,* for appellee.
*Eric D. Ritz,* for appellant.

QUILLIN, J. Defendant appeals the harsher sentence she received after this

court had remanded her case for a new trial. We affirm.

Ruth McMasters was arrested in the village of Lodi and charged with the following offenses: driving while under the influence of alcohol and/or drugs, resisting arrest, assault, and disorderly conduct.

McMasters was arraigned in the Lodi Mayor's Court and pleaded no contest to the charges. McMasters later moved to withdraw her plea. The court overruled McMasters' motion and sentenced her to six days in jail, a fine of $970, and court costs. McMasters appealed to this court and we vacated the judgment and remanded for further proceedings.

McMasters' case was then transferred from the Lodi Mayor's Court to the Wadsworth Municipal Court. After a jury trial, McMasters was found not guilty of driving under the influence of alcohol and/or drugs, but guilty of assault, resisting arrest, and disorderly conduct.

The Wadsworth Municipal Court judge sentenced McMasters to ninety days in jail, sixty of which were suspended, and $500 in fines for assault, thirty days in jail, twenty of which were suspended, and $100 in fines for resisting arrest, and $100 in fines for disorderly conduct. The jail sentences were to run consecutively. McMasters appeals.

## Assignment of Error I

"The trial court erred by instructing the prosecutor how to try its case, resulting in extreme prejudice to the appellant."

At trial, the judge held a sidebar conference at which the judge suggested that the prosecutor ask the witness a couple of questions. McMasters objected. The court overruled McMasters' objection, citing Evid. R. 614(B) which allows the court to interrogate witnesses in an impartial manner.

During the trial, a judge may, in the interest of justice, act impartially in developing facts germane to an issue of fact to be determined by the jury. *Jenkins* v. *Clark* (1982), 7 Ohio App. 3d 93, 7 OBR 124, 454 N.E. 2d 541.

The trial judge himself could have asked the questions. Evid. R. 614(B). Therefore, it was not improper to suggest, out of the hearing of the jury, that the prosecutor ask the questions.

The assignment of error is overruled.

## Assignment of Error II

"The trial court erred in sentencing the appellant to a far greater punishment than originally imposed after her successful appeal."

The United States Supreme Court, in *North Carolina* v. *Pearce* (1969), 395 U.S. 711, held that there is a violation of the Due Process Clause of the Fourteenth Amendment when the trial court judge, motivated by vindictive retaliation caused by the defendant's successful appeal, resentences the defendant to a more severe sentence.

A presumption of vindictiveness arises when the defendant, at resentencing, receives a harsher sentence from the same judge who sentenced him initially. *Pearce, supra.* When there is a presumption of vindictiveness, it must be overcome by the affirmative presentation of objective information concerning identifiable conduct or events on the part of the defendant occurring after the time of the original sentencing which would justify a harsher sentence at the time of sentencing. *Id.* Later, the court clarified that a harsher sentence could also be justified by evidence or information concerning events or conduct occurring prior to the original sentence but not previously presented to the sentencing judge. *Wasman* v. *United States* (1984), 468 U.S. 559. It is clear, however, that due process does not forbid all enhanced sentences, but only

enhancement motivated by actual vindictiveness toward the defendant for having exercised guaranteed rights. *Id.*

The first question we must address is whether there is a presumption of vindictiveness in the resentencing of McMasters. We must also "guard against *vindictiveness* in the resentencing process." (Emphasis *sic.*) *Chaffin* v. *Stynchcombe* (1973), 412 U.S. 17, 25.

The United States Supreme Court has found that where different sentencers are involved, and the second sentencer has imposed a more severe punishment than the first, it does not follow that the second sentencer would have any reason to have acted vindictively against the defendant. *Texas* v. *McCullough* (1986), 475 U.S. ___, 89 L. Ed. 2d 104; *Colten* v. *Kentucky* (1972), 407 U.S. 104.

In the case at hand, there were different sentencers. McMasters was initially sentenced in the Lodi Mayor's Court after she pleaded no contest. On remand, McMasters was sentenced in the Wadsworth Municipal Court. Because there were different sentencers, there is no presumption of vindictiveness and the municipal court judge need not set forth the reasons for resentencing McMasters to an enhanced sentence.

Where there is no presumption of vindictiveness, as here, the defendant must affirmatively prove actual vindictiveness. *Wasman, supra.* McMasters does not assert that the municipal court judge acted vindictively in imposing the sentence.

McMasters' assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and BAIRD, J., concur.