71 P.3d 1055

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Heriberto SANDOVAL–TENA, Defendant–Appellant.**

No. 27935.

Supreme Court of Idaho, Boise, February 2003 Term.

June 5, 2003.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Charles L. Wadams argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

SCHROEDER, Justice.

Heriberto Sandoval–Tena appeals from his conviction of trafficking in methamphetamine. Sandoval–Tena contends that the district court committed reversible error when (1) it permitted a police crime lab report to come into evidence under the "business records exception" to the hearsay rule, and (2) when it informed the prosecutor that he had failed to elicit testimonial evidence from the lab investigator as to the weight of the substances tested and then permitted the prosecutor to recall that witness.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Acting on a tip from a confidential informant, Detective Todd Ericsson made contact with Alan Hunter and Marc Morgan regarding their suspected involvement in drug trafficking. In exchange for Detective Ericsson's promise to recommend that they not be prosecuted, Hunter and Morgan informed Detective Ericsson that they regularly obtained methamphetamine from Sandoval Tena, and that they were in fact expecting a delivery from him very shortly. They agreed to cooperate in the investigation, and soon thereafter led the police to the location where Sandoval Tena was to deliver the methamphetamine. Sandoval Tena was a passenger in the car identified to the police. There was a large quantity of methamphetamine in the car. Sandoval–Tena was arrested and charged with one count of trafficking in methamphetamine by possessing more than 28 grams.

At trial the State called a state police lab forensic technician, Donald Wyckoff. The district court allowed admission of the lab report produced by Wyckoff, which contains the weight of the substances in three baggies seized from Sandoval–Tena, and identifies the substances as methamphetamine. The State, however, did not ask Wyckoff the weight of the methamphetamine when he was on the stand. After Wyckoff's testimony, the district judge called for a recess and excused the jury. The judge explained to counsel that he was concerned about the fact that the prosecution had failed to ask Wyckoff the weight of the substance seized. His concern arose from his fear that if the admission of the lab report was overturned on appeal, the weight of the methamphetamine would not properly have been before the jury. He asked counsel what they wanted to do. Counsel for Sandoval–Tena renewed his objection to the report on the basis that it was inadmissible hearsay. He also moved for a mistrial, arguing that there had been

judicial intervention with the State's case-in-chief. The State sought to recall Wyckoff. Sandoval–Tena objected on the grounds that the State had already rested its case and that the witness had already testified. The objection was overruled. The State subsequently asked Wyckoff in front of the jury the weight of the substance he had tested. The district court also denied the motion for mistrial. The jury convicted Sandoval–Tena as charged, and the district court sentenced him to the mandatory minimum of three years.

## II.

### THE STATE POLICE LAB REPORT WAS NOT ADMISSIBLE UNDER I.R.E. 803(6), THE "BUSINESS RECORDS EXCEPTION" TO THE HEARSAY RULE

#### A. Standard of Review

Trial courts have broad discretion when ruling on the admissibility of evidence before them. *Appel v. LePage,* 135 Idaho 133, 135, 15 P.3d 1141, 1143 (2000). Therefore, this Court will only disturb a trial court's discretion to admit evidence under the business record exception upon "a clear showing of abuse." *Beco Corp. v. Roberts & Sons Constr. Co.,* 114 Idaho 704, 711, 760 P.2d 1120, 1127 (1988), *overruled on other grounds by Houghland Farms, Inc. v. Johnson,* 119 Idaho 72, 803 P.2d 978 (1990); *Appel,* 135 Idaho at 135, 15 P.3d at 1143

Even if the district court used its discretion in error, such error, alone, does not constitute grounds for reversal. Unless an error "affect[s] substantial rights" of the parties, it should be disregarded. I.C.R. 52. An error is harmless if this Court is able to say, "beyond a reasonable doubt, that the jury would have reached the same result absent the error." *State v. Norton,* 134 Idaho 875, 879, 11 P.3d 494, 498 (Ct.App.2000). The burden of showing prejudicial error rests on the party asserting such error. *State v. Rodriquez,* 106 Idaho 30, 33, 674 P.2d 1029, 1032 (Ct.App.1983).

#### B. The lab report was not admissible.

Sandoval–Tena argues that the police crime lab report, which identifies the substance seized from him as methamphetamine and provides its weight, is inadmissible hearsay. The Idaho Rules of Evidence define hearsay as "a statement [oral or written], other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." I.R.E. 801(a) and (c). Hearsay statements are generally inadmissible as evidence, but "certain types of hearsay evidence ... are admissible because the circumstances behind their creation implies a high degree of veracity. Business records are one such legitimate and important classification." *Christensen v. Rice,* 114 Idaho 929, 934, 763 P.2d 302, 307 (Ct.App.1988). The "business records exception" to the hearsay rule reads as follows:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness.

. . . .

(6) Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

I.R.E. 803(6).

The "public records exception" to the hearsay rule is relevant. It reads as follows:

(8) Public records and reports. Unless the sources of information or other circumstances indicate lack of trustworthiness, records, reports, statements, or data compilations in any form of a public office or agency setting forth its regularly conduct-

ed and regularly recorded activities, or matters observed pursuant to duty imposed by law and as to which there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law. The following are not within this exception to the hearsay rule: (A) investigative reports by police and other law enforcement personnel, except when offered by an accused in a criminal case; (B) investigative reports prepared by or for a government, a public office or an agency when offered by it in a case in which it is a party; (C) factual findings offered by the government in criminal cases; (D) factual findings resulting from special investigation of a particular complaint, case, or incident, except when offered by an accused in a criminal case.

I.R.E. 803(8). While, "traditionally, a proponent's inability to satisfy the requirements of one hearsay exception does not deny him the opportunity to attempt to meet the standards of another," *United States v. Oates,* 560 F.2d 45, 74 (2d Cir.1977), the crime lab report should either be excluded under both rules or admissible under both rules. Idaho Rule of Evidence 803(8)(B) expressly excludes from the public records exception "investigative reports prepared by or for a government, a public office or an agency when offered by it in a case in which it is a party." Under the language of subsection (B) of I.R.E. 803(8), the chemical analysis report was inadmissible under the public records exception. Also, investigative reports prepared by police and "other law enforcement personnel" are not admissible when offered by the prosecution. I.R.E. 803(8)(A). In *United States v. Oates,* 560 F.2d 45, 68 (2d Cir.1977), the court found that a report such as this one is inadmissible under a similar public records exception. The effect of the exclusion under 803(8) would be meaningless if the report were admissible under the 803(6) business records exception. *See Cole v. State,* 839 S.W.2d 798, 805–06 (Tex.Crim.App.1992). The report should not have been admitted. However, all the information obtained in the report was testified to by the forensic lab technician Donald Wyckoff. The report was a duplicate

of testimony under oath. The error was harmless.

## III.

## THE DISTRICT JUDGE DID NOT ERR IN COMMENTING UPON THE STATE OF THE EVIDENCE AND DENYING A MISTRIAL

### A. Standard of Review

At trial Sandoval–Tena objected to alleged partiality of the judge and moved for a mistrial under I.C.R. 29.1, which motion was denied. The standard of review of a trial court's refusal to grant a mistrial has been set forth by the Court of Appeals.

[T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Shepherd,* 124 Idaho 54, 57, 855 P.2d 891, 894 (Ct.App.1993) (quoting *State v. Urquhart,* 105 Idaho 92, 95, 665 P.2d 1102, 1105 (Ct.App.1983)).

### B. The district court's actions do not constitute reversible error.

Sandoval–Tena argues that the district court committed error when he informed the prosecutor during a recess of the prosecutor's failure to elicit testimony from the lab technician as to the weight of the substances tested. The conduct of the district court to which the defense objected is reflected in the following portions of the transcript:

The Court: We are back in session in the case of State versus Sandoval–Tena. Counsel and the parties are present, the witness [Wyckoff] is still on the stand. We are outside the presence of the jury.

. . . .

[The Court:] Before the recess I had a major concern. Both of you have a clear record of appeal, and I'm going to at least attempt to recite what I did and why I did it. Although there's no question if I misstate something both of you can feel free to correct it.

At the end of Mr. Wyckoff's testimony I did admit State's Exhibit 2 [copy of the original crime lab report]. I had a major concern. Mr. Wyckoff testified at least once, I believe twice, that he weighed this substance, but there was no question as to the weight asked.

And therefore the only evidence—or I should say the evidence of the weight is contained in the report, which I admitted. It does say that the evidence was 108.99 grams of tan-colored material, two baggies and 8.38 grams of tan material in a single baggie which is the material referred to.

So the weight is in the report. I'm hoping I'm correct with respect to the admissibility of that report. It was objected to and I admitted it and the evidence is in front of—or will be in front of the jury; however, if the report is excluded on appeal on the evidentiary issue, then there is no weight in front of the jury.

There was a weight of 5.25 grams testified earlier—ounces testified to earlier. But that weight included the packaging which appears to be the bulk—well, not the bulk, but package weight, we don't have a distinction at this point, oral testimony, between the packaging and the substance.

So I took the recess to struggle with whether I should say anything or not, a critical element of the case. My general position as a judge is we ought to get the truth out, the facts out, and let the jury decide.

Now they may well be in front of the jury already, but properly before the court. But after I visited with my Law Clerk about this and considered it I know that it was such an obvious glaring oversight of something that was readily available to counsel.

So having reached that conclusion I invited counsel into chambers to disclose that to them. And that brings us to this point of the hearing.

Soon after this conversation, the judge allowed the prosecution to call Wyckoff to the stand a second time, which Sandoval–Tena also asserts is reversible error.

 The "right to due process requires an impartial judge." *State v. Lankford*, 116 Idaho 860, 875, 781 P.2d 197, 212 (1989), *cert. denied*, 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 803 (1990). A trial judge must avoid the appearance of advocacy or of partiality, but at the same time is not "expected to sit mute and impassive, speaking only to rule on motions or objections." *United States v. Sanchez–Lopez*, 879 F.2d 541, 552–53 (9th Cir.1989) (quoting *United States v. Eldred*, 588 F.2d 746, 749 (9th Cir.1978)). If a judge engages in prosecutorial acts, such acts may be violative of the defendant's constitutional rights. *Lankford*, 116 Idaho at 875, 781 P.2d at 212.

Idaho courts have not directly addressed the issue of whether a trial judge may make suggestions to the prosecutor outside the presence of the jury without compromising his or her impartiality as judge. However, those jurisdictions that have addressed the issue have found that such action is proper. *See United States v. Wilkerson*, 208 F.3d 794 (9th Cir.2000) (district judge's inquiry as to why prosecution had not filed a certain charge found proper); *Village of Lodi v. McMasters*, 31 Ohio App.3d 275, 511 N.E.2d 123 (1986) (not improper for judge to suggest, outside the presence of the jury, questions for the prosecutor to ask a witness); *Commonwealth v. Shine*, 398 Mass. 641, 500 N.E.2d 1299 (1986) (not improper for trial judge to admit prosecution's material evidence after it had rested and to suggest that prosecutor reopen case to elicit certain testimony from a witness); *State v. Tygart*, 673 S.W.2d 83 (Mo.App.1984) (trial judge's suggestion, outside presence of jury, that prose-

cutor correct obvious typographical error in information was proper); *People v. Walter,* 90 Ill.App.3d 687, 46 Ill.Dec. 102, 413 N.E.2d 542 (1980) (not improper for trial court to suggest to prosecutor the necessity of evidence on two particular issues); *Banks v. State,* 265 Ind. 71, 351 N.E.2d 4 (1976) (not improper of trial court judge to suggest to prosecutor that he consider calling a certain expert witness); *State v. Bird,* 358 Mo. 284, 214 S.W.2d 38 (1948) (not improper for trial court to suggest, after the close of evidence for state, that the prosecutor reopen case to prove venue); *but see Robinson v. United States,* 513 A.2d 218 (D.C.1986) (finding that trial court erred in suggesting to prosecutor a strategic course the prosecutor had not pursued, but found the error harmless in light of the record as a whole).

 The trial judge's involvement in this case does not amount to error. Idaho Rule of Evidence 614(b) authorizes the district court to question witnesses in front of the jury. The district court may do so for the purpose of "clarifying the evidence, controlling the orderly presentation of the evidence, confining counsel to evidentiary rulings, and preventing undue repetition of testimony." *Lankford,* 116 Idaho at 875, 781 P.2d at 212 (quoting *United States v. Allsup,* 566 F.2d 68, 72 (9th Cir.1977)). If the district court may directly perform such examination of a witness in front of the jury, by analogy it may certainly suggest a question to counsel in the interest of "clarifying the evidence," outside the presence of the jury. In this case the prosecution had failed to elicit information through oral testimony that was crucial to its case and obtainable through a simple question. This was evidence that was before the jury in a written report that had been admitted, and the prosecutor could, albeit incorrectly, easily fail to ask the question, assuming that the report had been properly admitted. While trial judges should certainly show restraint in coaching counsel during a trial, *People v. Depke,* 218 Ill.App.3d 235, 161 Ill. Dec. 63, 578 N.E.2d 190, 193(1991), bringing to light such an omission in the testimony furthered justice by clarifying the evidence and completing the record. The evidence was already before the jury, but in a form

this Court has determined was improper. This gave the jury nothing the jury did not already have, but it assured that the evidence could be properly considered.

The trial judge did not evidence partiality or usurp the role of the prosecutor. He did not change the prosecution's strategy. The judge's comments were made outside of the jury's presence, giving no appearance of partiality to the jury. The difficulty addressed arose from the judge's ruling allowing the lab report into evidence with the weight of the methamphetamine shown. The judge did not show partiality by questioning his own ruling.

## IV.

## CONCLUSION

The district court should not have admitted the lab report. The error was harmless. The denial of the motion for mistrial was proper. The judgment of the district court is affirmed.

Chief Justice TROUT, Justices WALTERS and EISMANN concur.

Justice KIDWELL, concurring in result.

While I concur in the result, I do not agree with the analysis of Part II.B in which the majority concludes that the lab report was inadmissible. The majority asserts that the effect of the exclusion from the public records hearsay exception for "investigative reports by police and other law enforcement personnel, except when offered by an accused in a criminal case" under I.R.E. 803(8) would be rendered meaningless if the reports were otherwise admissible under the exception for records of a regularly conducted activity found in I.R.E. 803(6). I respectfully disagree. Depending on the circumstances, a lab report may be admissible under both hearsay exceptions, admissible under one of the hearsay exceptions, but not the other, or inadmissible under either exception. Thus, admitting evidence that may not be admissible under the exception for records of a regularly conducted activity does not thwart the exclusion from the public records exception. Instead, it acknowledges that the rules

of evidence may overlap and what may be admissible under one rule, might be excluded if offered into evidence under another. This being the case, I nonetheless believe that the majority reached the correct result in affirming the judgment of the district court.