# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 45253

STATE OF IDAHO,      )
      )
    Plaintiff-Respondent,    )      **Boise, September 2018 Term**
      )
v.      )      **Filed: February 21, 2019**
      )
JEREMY YORK CUNNINGHAM,    )      **Karel A. Lehrman, Clerk**
      )
    Defendant-Appellant.    )
_____    )

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

The district court's award of restitution is <u>vacated</u>. The case will not be remanded.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for appellant. Justin Curtis argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Theodore S. Tollefson argued.

_____

BRODY, Justice.

This case centers upon whether the State presented substantial evidence to the district court to support an award of restitution for costs actually incurred by the State in prosecuting Cunningham for drug charges. This is the second time this case is on appeal. In the first appeal, this Court vacated the district court's award of restitution and remanded the case. After conducting a second restitution hearing and hearing live testimony from an administrative assistant with the Ada County prosecuting attorney's office, the district court awarded restitution to the State in the amount of $906.75 (over $1000 less than awarded at the first hearing). Cunningham appealed again, arguing that the district court erred in awarding restitution. On appeal, Cunningham contends that the district court improperly admitted hearsay evidence at the hearing and that the district court abused its discretion by awarding restitution without substantial evidence of the prosecution's costs. We agree. The district court's award of restitution is vacated and we decline to remand the case.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

Cunningham was found guilty of possession of a controlled substance by a jury. Thereafter, the State sought restitution for prosecution costs as authorized by Idaho Code section 37-2732(k), and was awarded $2,240. Cunningham timely appealed the restitution award because the only evidence the State presented to support its request for prosecution costs was an unsworn written statement that was a boilerplate, fill-in-the-blank form featuring an unverified signature, the total number of attorney hours worked with no additional information about the tasks performed, and an hourly rate with no information as to how it was determined. On review, this Court vacated the restitution award for lack of evidence and remanded the case. *State v. Cunningham*, 161 Idaho 698, 390 P.3d 424 (2017). This Court held that "unsworn representations. . . do not constitute 'substantial evidence' upon which restitution" may be granted under Idaho Code section 37-2732(k), and explained that prosecution expenses actually incurred must generally be proven with "sworn statements that delineate the time spent performing specific tasks." *Id.* at 702, 390 P.3d at 428.

On remand, the district court held another restitution hearing where the State called an administrative specialist with the Ada County Prosecuting Attorney's Office who testified to the prosecution's expenses. Through the administrative specialist, the State sought to admit into evidence a timesheet entitled "Drug Case Restitution," that delineated the number of hours worked by each attorney, had a description of the type of activity each attorney engaged in, and had the initials of each attorney next to the date worked. The timesheet had a column for the billing rate of each attorney that was blank. The timesheet was not signed or certified to be accurate, but it did contain a statement at the top of the attorney hours column that stated "[a]ttorney[s] must initial to approve time." The administrative specialist testified that she relied on these timesheets to ascertain the date each attorney worked on the drug case and compared it with payroll records to determine an hourly wage based on what each attorney was paid that month.

Cunningham objected to the admission of the timesheet because the witness did not testify to the accuracy or validity of the attorney hours presented on the sheet. The State responded that the witness relied on the sheet to perform her job and that the document was kept in the regular course of business. The district court admitted the timesheet under Idaho Rule of Evidence 803(6) exception to hearsay, Records of a Regularly Conducted Activity. The witness

explained that attorneys put their initials on the row where they worked, but that she double checked which attorney actually worked by "look[ing] at the top of the file" where the name of the attorney is written.

The State then sought to admit a signed and notarized affidavit by the witness that stated she reviewed the timesheet and "applied the appropriate payroll rate for said attorneys and calculated the aggregate actual prosecution costs to be a total of $906.75." The district court also admitted this affidavit under the business records exception to the hearsay rule over Cunningham's continuing objection to a lack of foundation. The witness then testified to everything found in the affidavit. Cunningham did not cross-examine the witness or present any evidence or testimony.

At closing, Cunningham argued that the timesheet was similar to the unsworn Statement of Costs presented in the first restitution hearing, again being a boilerplate form that did not differentiate what the actual salary was for each attorney. Additionally, Cunningham argued that the State failed to present any sworn statements regarding the accuracy of the actual hours worked by each attorney. Nevertheless, the district court ruled that the State provided substantial evidence of the costs incurred, holding in part:

> In this particular case, we have evidence by way of testimony, as well as by the written certificate of record, that the calculation is true and correct to the best of the information and belief. It is sworn. I do not find that the Supreme Court's decision requires that it actually be sworn by an attorney. Clearly, any custodian of records or competent witness can testify. I do find that the person who reviews the records that were kept in the regular course of business, and these records indicate the amount of time and the type of effort that was expended by each attorney. The testimony was that each one was an attorney. That they were then billed on the actual payroll records of Ada County at the time that the expenses were actually incurred, so I do find that the evidence and testimony is sufficient to show that $906.75 of prosecution costs were actually incurred in this case.

The district court thereafter ordered restitution for $906.75 in prosecution costs under Idaho Code section 37-2732(k), and $100 for undisputed lab costs. Cunningham timely appealed.

## II.     ISSUES ON APPEAL

**A.** Whether the hearsay rules apply to Idaho Code section 37-2732(k) restitution hearings.

**B.** Whether the district court properly admitted evidence under the Business Records Exception to the hearsay rule.

3

**C.** Whether the district court acted within its discretion in awarding restitution under Idaho Code section 37-2732(k) after determining that the State presented substantial evidence of actual prosecution costs incurred.

### III. STANDARD OF REVIEW

"The decision regarding whether to order restitution, and in what amount, is within the district court's discretion, guided by factors in Idaho Code section 19–5304(7)." *State v. Hurles*, 158 Idaho 569, 573, 349 P.3d 423, 427 (2015) (citation omitted). "The determination of the amount of restitution is a question of fact for the trial court whose findings will not be disturbed if supported by substantial evidence." *Id.* (citing *State v. Lombard*, 149 Idaho 819, 822, 242 P.3d 189, 192 (Ct. App. 2010)).

### IV. ANALYSIS

This appeal primarily hinges upon whether the district court complied with this Court's ruling in *State v. Cunningham*, by finding substantial evidence of the actual costs incurred in the State's prosecution of Cunningham under Idaho Code section 37-2732(k). We find that the district court's award of restitution was not supported by substantial evidence.

An award of restitution is discretionary and this Court will not disturb such an award unless a court abuses its discretion by awarding an amount not supported by substantial evidence. *Lombard*, 149 at 822, 242 P.3d at 192. To determine if a trial court abused its discretion, this Court considers whether the trial court (1) perceived the issue as one of discretion, (2) acted within the outer boundaries of that discretion, (3) acted consistently with the legal standards applicable to the specific choices available to it, and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 195 (2018). Before diving into the analysis of the substantiality of the evidence, the applicability of hearsay rules in restitution hearings will first be addressed.

**A. Hearsay rules apply to Idaho Code section 37-2732 restitution hearings.**

As a threshold matter, this Court holds that restitution proceedings under Idaho Code section 37-2732(k) are subject to the general Idaho Rules of Evidence hearsay rules. The State argues that the Idaho Rule of Evidence hearsay rules do not apply to restitution proceedings under section 37-2732(k) because of a statutory provision found in Idaho Code section 19-5304. We disagree with the State's position.

Hearsay is admissible in victim restitution proceedings under section 19-5304; however, this statutory exception does not extend to restitution hearings under section 37-2732(k).When a defendant is convicted of a felony or a misdemeanor under the Uniform Controlled Substances Act, the district "court may order restitution for costs incurred by law enforcement agencies in investigating the violation." I.C. § 37-2732(k). Idaho Rule of Evidence 101(d)(7) applies the rules of evidence to restitution hearings except as modified by section 19-5304(6). Idaho Code section 19-5304 provides a statutory framework for restitution for crime victims, and it specifically authorizes the court to consider hearsay:

> Economic loss shall be based upon the preponderance of evidence submitted to the court by the prosecutor, defendant, victim or presentence investigator. Each party shall have the right to present such evidence as may be relevant to the issue of restitution, and *the court may consider such hearsay as may be* contained in the presentence report, victim impact statement or *otherwise provided to the court*.

I.C. § 19-5304(6) (emphasis added). This Court has expressly incorporated this exception into Idaho Rule of Evidence 101(d)(7).

While section 19-5304 does not expressly apply to restitution hearings under section 37-2732(k), the State argues that it impliedly extends because both sections concern restitution hearings. While we have held that guidance may be found in the victim restitution statute and have used some of its procedural provisions by analogy in section 37-2732(k) proceedings, the Rules of Evidence plainly state that the hearsay rules apply to restitution hearings except as modified by section 19-5304. I.R.E. 101(d)(7). Because section 19-5304(6) does not expressly extend to section 37-2732(k), this Court has not incorporated such an exception into the Rules of Evidence. The reason for this is due to a fundamental difference existing between restitution hearings under section 19-5301 *et seq*., and hearings under section 37-2732. Section 19-5304(6)'s hearings provide restitution to *victims* of crime, whereas section 37-2732(k) provides restitution to *law enforcement agencies* that investigate and prosecute drug violations. The concept of hearsay may be a significant impediment to the common lay-victim in obtaining restitution, but hearsay prohibitions are a proper procedural safeguard for law enforcement agencies attempting to recoup costs incurred. Thus, the hearsay rules apply to restitution hearings under section 37-2732(k).

**B. The timesheet and affidavit were not properly admitted under the Business Records Exception to the hearsay rules.**

At the second restitution hearing, the State sought to admit the prosecuting attorney's timesheet after laying a basic foundation of the document's identity. Cunningham objected, stating, "I think there is a lack of foundation that this is – the numbers on there are accurate numbers. [The witness] has no personal knowledge that these numbers is what were actually worked." The district court admitted the timesheet over the objection under Rule 803(6)—the business records exception to the hearsay rules—after the witness testified that the timesheet was something she saw on all drug cases and that it was a record that was kept in the ordinary course of business. The witness then gave testimony that almost mirrored what was found in the affidavit, which was thereafter admitted under the same hearsay exception. Prior to the admission of the affidavit, Cunningham renewed his objection, stating that he understood that the court overruled his first objection, but that he believed the affidavit was "based on [the timesheet], so the objection remain[ed] the same."

Specifically, Cunningham argues that the district court abused its discretion in admitting the timesheet under the business records exception because the document was prepared for the express purpose of litigation. "Whether evidence admitted by the trial court is supported by a proper foundation is reviewable under an abuse of discretion standard." *State v. Bush*, 131 Idaho 22, 34, 951 P.2d 1249, 1261 (1997). To determine if a trial court abused its discretion, this Court considers whether the trial court (1) perceived the issue as one of discretion, (2) acted within the outer boundaries of that discretion, (3) acted consistently with the legal standards applicable to the specific choices available to it, and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 195 (2018).

Cunningham argues that the district court acted inconsistently with the legal standards applicable to the business records exception, citing *State v. Sandoval-Tena* as binding case law that stands for the proposition "that the business records exception does not apply to documents which were prepared by a public office or agency in anticipation of litigation." 138 Idaho 908, 71 P.3d 1055 (2003). The State responds that the holding in *Sandoval-Tena* was guided by a Second Circuit case that extended an investigative report limitation found in the public records exception to the business records exception "in the context of a jury trial with the goal of convicting the defendant." Because the timesheet in this case is only an itemized list of attorney tasks and costs, it should not be construed as an "investigative report." The State correctly understands *Sandoval-Tena*.

In *Sandoval-Tena*, a police crime report regarding seized methamphetamine was admitted against a defendant under the business records exception, I.R.E. 803(6). 138 Idaho at 911, 71 P.3d at 1058. While normally the inability to satisfy the requirements of one hearsay exception does not preclude the satisfaction in another, this Court needed to decide if the investigative crime report that was inadmissible under the public records exception to hearsay could be properly admitted under the business records exception. *Id.* at 912, 71 P.3d at 1059. We held that admission of the investigative report was improper because "[t]he effect of the exclusion under 803(8) would be meaningless if the report were admissible under the 803(6) business records exception." *Id*. Thus, an *investigative report* that is inadmissible under Rule of Evidence 803(8) would accordingly be inadmissible under Rule 803(6). However, classifying a timesheet as an investigative report would stretch the term "investigative" beyond recognition.

This Court has established that "[t]he general requirement for admission under I.R.E. 803(6) is that the document be 'produced in the ordinary course of business, at or near the time of occurrence and not in anticipation of trial.'" *Portfolio Recovery Associates, LLC. v. MacDonald*, 162 Idaho 228, 233, 395 P.3d 1261, 1266 (2017) (citation omitted). "These foundational requirements 'supply the degree of trustworthiness necessary to justify an exception to the rule against hearsay.'" *Hurtado v. Land O'Lakes, Inc.*, 147 Idaho 813, 815, 215 P.3d 533, 535 (2009) (citing *Beco Corp. v. Roberts & Sons Constr. Co.*, 114 Idaho 704, 711, 760 P.2d 1120, 1127 (1988)). The circumstances surrounding the creation of a business record must imply a high degree of veracity. *Id.* (internal citation omitted).

Under I.R.E. 803(6), records that would otherwise be excluded as hearsay are admitted as business records when they are prepared and used "in the course of a regularly conducted business activity." Generally, business records are presumed reliable because (1) businesses depend on such records to conduct their own affairs; accordingly, the employees who generate them have a strong motive to be accurate; and (2) routine and habitual patterns of creation and retention lend reliability to business records. 7 Michael H. Graham, *Handbook of Federal Evidence* § 803:6 (8th ed. 2018). "More specifically, the reliability of business records is supplied by systematic checking, by regularity and continuity which produce habits of precision, by actual experience of business in relying upon them, and/or by a duty to make an accurate record as part of a continuing job or occupation." *Id.* However, when a document is created for a particular use that lies outside the usual operations of the business—especially when that use

involves litigation—none of these justifications for admission hold true. *United States v. Blackburn*, 992 F.2d 666, 670 (7th Cir. 1993).

We hold that the district court did not act within the legal standards applicable to it when it admitted the timesheet under the business records exception. There is no evidence in the record indicating the prosecutor's office used the timesheet for anything other than pursuing and obtaining restitution. There is no evidence the prosecutor's office relies on the timesheets for its internal records nor does the timesheet reflect continuous or regular activity. Without that type of foundational evidence the timesheet lacks the typical reliability that allows business records to be admitted as an exception to the hearsay rule.

The district court also abused its discretion in admitting the certificate of records affidavit because there is no applicable hearsay exception. The affidavit explained who the witness was, what the timesheet was, the witness's review of the hours worked on the timesheet, and the amount of restitution sought for prosecution expenses. The district court admitted the affidavit under the business records exception, explaining, "[t]o the extent she is a qualified witness as to her knowledge and interaction of those records, I will permit the admission of [the affidavit]." The affidavit is hearsay because it is an out-of-court statement offered for the truth of the matter asserted. I.R.E. 801(c). The business records exception found in Idaho Rule of Evidence 803(6) would not apply to the affidavit because the affidavit was also not kept in the course of a regularly conducted activity, but was instead created a few months prior to the second restitution hearing to prove costs incurred. Thus, the district court also abused its discretion in admitting the affidavit under the business records hearsay exception.

Because neither the timesheet nor the affidavit were properly admitted under I.R.E. 803(6), the district court's award of restitution was not supported by substantial evidence. The testimony of the administrative assistant was the only other evidence admitted to prove costs actually incurred, but this testimony was reliant on the affidavit and timesheet. Therefore, the award of restitution must be vacated.

We recognize there will be practical implications associated with today's decision. It, in effect, means that there will have to be evidentiary hearings in cases where State restitution requests are disputed. We have referred this matter to the Criminal Rules Committee to consider making rule changes to facilitate the fair and efficient handling of restitution claims under section 2732. However, in the present case, the timesheet and the affidavit were improperly

8

admitted; therefore, there was not substantial evidence to support an award of restitution. Also, "[w]e decline to remand. The State already had two opportunities to claim restitution, and remanding for a third opportunity would be improper." *State v. Nelson*, 161 Idaho 692, 697, 390 P.3d 418, 423 (2016).

## V.    CONCLUSION

In light of the foregoing, the district court's award of restitution is vacated. We decline to remand this matter.


Chief Justice BURDICK, and Justices BEVAN, STEGNER, and HORTON CONCUR.