**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45491**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Opinion Filed: June 20, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) |
| RICHARD LOWELL HESS, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order for restitution, <u>reversed</u>; and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff Nye, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Richard Lowell Hess appeals from the district court's award of restitution entered pursuant to Idaho Code § 37-2732(k). Hess asserts there was not substantial evidence to support the restitution ordered by the district court. Because the costs associated with the Ada County Prosecutor's Office and the Boise Police Department were not sufficiently presented in the State's restitution requests, we reverse the restitution order and remand this case to the district court for further proceedings consistent with this opinion.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Hess was charged with felony trafficking in heroin, I.C. § 37-2732B(a)(6)(C), which involved knowing possession of more than twenty-eight grams of heroin. Pursuant to a plea agreement, Hess pleaded guilty to an amended charge of felony trafficking in heroin, I.C. § 37-2732B(a)(6)(B), which involved knowing possession of seven grams or more of heroin.

1

Although the parties did not discuss restitution during the plea hearing, Hess acknowledged in the guilty plea advisory form that he agreed to pay the costs of prosecution and investigation. The State filed written requests for restitution pursuant to I.C. § 37-2732(k). The restitution request totaled $8,116.35 and included the following documents: (1) An Idaho State Police request for $200 for lab tests; (2) a second Idaho State Police request for $200 for lab tests; (3) an Ada County Prosecutor's Office request for $391.95; and (4) a Boise Police Department request of $7,324.40, containing: $5,603.20 for investigative hours, $121.20 for overtime hours, and $1,600 for evidence purchases. Police reports and other documents submitted with the presentence investigation report provided some information as to the scope of the investigatory work.

At the sentencing hearing, the State asked the district court for $8,116.35 for the Ada County, Boise City, and Idaho State Police restitution requests. The State explained:

> In this case, Judge, we have submitted a restitution request, and I know Your Honor has concerns about on occasion the cost of prosecution and cost of investigation, but this does include the investigation costs for the buy program in which the defendant was paid $1,100, plus all the time that went into that, as well as the investigation in this case, and the drug prosecution is $391.95, so that's not just this case, but the other case as well, which was presented to the grand jury and then $400 for the lab costs, and so the total restitution the state is seeking is $8,116.35 as indicated in the proposed order, and I'm not asking for more than the mandatory minimum fine of [$]15,000 that is required pursuant to the amended count on the second tier of trafficking.

Hess objected to most of the State's restitution request, with the exception of $1,100 that was used as buy money.[1] Hess objected to both the prosecution and investigation costs but only specifically argued that there was insufficient detail supporting the request for the investigation costs. The district court overruled Hess's objection and granted the State's restitution request in its entirety. The district court explained:

> [I]t seems to me in looking at the police reports and the other materials submitted in connection with the presentence report, that there is sufficient documentation to warrant the state's restitution order, and I think in this case, where there's so much dealing done that it's entirely appropriate, even though I have some of the concerns that I often have about feasibility, and I think this is a situation where it's entirely appropriate.

---

[1]    Hess concedes on appeal that he did not object to the $400 lab costs requested by the Idaho State Police.

The district court imposed a unified sentence of twenty-five years, with ten years determinate. The district court also entered an order for restitution and judgment, which required Hess to make restitution to law enforcement agencies in the amount of $8,116.35. Hess timely appeals.

## II.

## ANALYSIS

Preliminarily, we note that Hess does not request that we vacate the entire restitution amount. Hess concedes he did not object at trial to the $1,100 of buy money used by the Boise Police Department. In addition, Hess does not challenge the $400 used for the Idaho State Police lab tests. Thus, Hess requests that this Court reverse the $8,116.35 restitution order and remand this case to the district court for entry of an order awarding $1,100 to the Boise Police Department for restitution for evidence purchases and $400 to the Idaho State Police for lab tests. As to the rest of the restitution requested, Hess argues there was not substantial evidence to support the restitution amount ordered by the district court.

Restitution may be ordered by the district court under I.C. § 37-2732(k) once a defendant is convicted of, or pleads guilty to, a crime under the Uniform Controlled Substances Act, Title 37, Chapter 27 of the Idaho Code. *State v. Gomez*, 153 Idaho 253, 257-58, 281 P.3d 90, 94-95 (2012). Idaho Code § 37-2732(k) provides, in relevant part:

> Upon conviction of a felony or misdemeanor violation under this chapter . . . the court may order restitution for costs incurred by law enforcement agencies in investigating the violation. Law enforcement agencies shall include, but not be limited to . . . county and city prosecuting attorney offices. Costs shall include, but not be limited to . . . any other investigative or prosecution expenses actually incurred, including regular salaries of employees. . . . A conviction for the purposes of this section means that the person has pled guilty or has been found guilty, notwithstanding the form of the judgment(s) or withheld judgment(s).

Restitution under I.C. § 37-2732(k) is discretionary. *State v. Cunningham I*, 161 Idaho 698, 700, 390 P.3d 424, 426 (2017).[2] When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court

---

[2]  The Supreme Court has issued two opinions in the case of *State v. Cunningham*. The first case, *State v. Cunningham*, 161 Idaho 698, 390 P.3d 424 (2017), was decided on February 27, 2017, and for the sake of clarity, will be identified as *Cunningham I*. The subsequent case, *State v. Cunningham*, 164 Idaho 759, 435 P.3d 539 (2019), was decided on February 21, 2019, and will be identified as *Cunningham II*.

correctly perceived the issue as one of discretion, acted within the boundaries of such discretion, acted consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018). In order to satisfy the requirements of the inquiry, the district court must base the amount of restitution upon the preponderance of evidence submitted by the prosecutor, defendant, victim, or presentence investigator. *State v. Weaver*, 158 Idaho 167, 170, 345 P.3d 226, 229 (Ct. App. 2014). The determination of the amount of restitution is a question of fact for the trial court whose findings will not be disturbed if supported by substantial evidence. *Id.* Substantial evidence is "relevant evidence as a reasonable mind might accept to support a conclusion." *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2013).

In *Cunningham I*, the Idaho Supreme Court analyzed a district court's award of restitution under I.C. § 37-2732(k).[3] There, the State sought $2,240 for prosecution costs, and the district court held a restitution hearing. *Cunningham I*, 161 Idaho at 699, 390 P.3d at 425. As evidence of its prosecution costs, the State submitted an unsworn written statement entitled "Statement of Costs and Request for Restitution in a Drug Case." *Id.* The statement of costs stated:

> I . . . Deputy Prosecuting Attorney for State of Idaho, County of Ada, am aware that the Ada County Prosecutor's Office keeps records regarding the attorney time spent prosecuting drug cases in anticipation of submitting a request for restitution pursuant to I.C. § 37-2732(k). I have reviewed the time log in this case, which documents the prosecutor time spent prosecuting the above referenced drug case. The Ada County Prosecutor's Office spent 16 attorney hours at an attorney rate of $140 per hour prosecuting this case, not including preparation and argument for the sentencing hearing. Pursuant to Idaho Code § 37-2732(k), the State requests restitution in the amount of $2,240.

*Cunningham I*, 161 Idaho at 699 n.1, 390 P.3d at 425 n.1. The Supreme Court held that the restitution award in *Cunningham I* was not supported by substantial evidence. *Id.* at 701, 390 P.3d at 427. The Court determined the State's unsworn statement of costs did not satisfy the definition of substantial evidence. *Id.* at 702, 390 P.3d at 428. The Court concluded: "We therefore hold that unsworn representations, even by an officer of the court, do not constitute 'substantial evidence' upon which restitution under section 37-2732(k) may be based."

---

[3] The Supreme Court released *Cunningham I* with a companion case, *State v. Nelson*, 161 Idaho 692, 390 P.3d 418 (2017). The parties use *Nelson* in their briefing, and nearly all of the analysis in *Cunningham I* is identical to the analysis language in *Nelson*.

*Cunningham I*, 161 Idaho at 702, 390 P.3d at 428. As guidance in interpreting I.C. § 37-2732(k), the Supreme Court explained: "At a minimum, measuring up to section 37-2732(k)'s burden to prove expenses actually incurred will generally require sworn statements that delineate the time spent performing specific tasks." *Cunningham I*, 161 Idaho at 702, 390 P.3d at 428.

The Supreme Court vacated the restitution award for lack of evidence and remanded the case for further proceedings consistent with the opinion. *Id.* On remand, the district court held a second restitution hearing at which the State called an administrative specialist as a witness. *State v. Cunningham II*, 164 Idaho 759, 761, 435 P.3d 539, 541 (2019). The specialist testified as to the expenses on the timesheet for the Ada County Prosecutor's Office. *Id.* The timesheet delineated the number of hours worked by the attorneys, described the activity of the attorneys, and contained the initials of each attorney next to the date worked. *Id.* The timesheet had a blank column for the billing rate of each attorney, and the timesheet was not signed or certified to be accurate. *Id.* In addition, the State sought to admit a signed and sworn affidavit by the witness that explained the witness had reviewed the timesheet and "applied the appropriate payroll rate for said attorneys and calculated the aggregate actual prosecution costs to be a total of $906.75." *Id.* at 762, 435 P.3d at 542. Over defense counsel's objection, the district court admitted the timesheet and the affidavit under Idaho Rule of Evidence 803(6), commonly known as the business records exception to the hearsay rule. *Cunningham II*, 164 Idaho at 762, 435 P.3d at 542.

On appeal, the Supreme Court in *Cunningham II* vacated the district court's restitution award. *Id.* at 765, 435 P.3d at 545. The Court concluded that restitution proceedings under I.C. § 37-2732(k) are subject to the rules of hearsay set forth in the Idaho Rules of Evidence. *Cunningham II*, 164 Idaho at 763, 435 P.3d at 543. The Court also concluded that neither the timesheet nor the affidavit was properly admitted under I.R.E. 803(6), and thus, the district court erred when it ordered restitution because there was no substantial evidence upon which to base the restitution. *Cunningham II*, 164 Idaho at 765, 435 P.3d at 545.[4]

---

[4] *Cunningham I* was issued before the restitution award in this case, and *Cunningham II* was issued after the award. However, neither the parties nor the court addressed *Cunningham I* below.

## A.    Costs for the Boise Police Department

The State requested $7,324.40 in restitution to pay the Boise Police Department.[5] The district court granted the State's restitution request. Hess argues the restitution award was not supported by sufficient documentation.

The Boise Police Department issued a narcotics restitution request to the Ada County Prosecutor's Office, who in turn submitted this narcotics restitution request to the district court. The request contained the date, the case name, the case number, the case officer, the DR number, and the date of the incident. The restitution request also stated:

> Pursuant to I.C. 37-2732(k), and upon a felony conviction rendered in this matter, the law enforcement agency requests the courts to order restitution for allowable costs incurred during investigation.
> Allowable expenditures are summarized as follows, and supporting documents are available if necessary.

The request listed the following expenses: investigative hours $5,603.20; overtime hours $121.20; and evidence purchases $1,600. The expenses totaled $7,324.40, which was the amount requested for restitution. The restitution request was digitally signed by the narcotics lieutenant, but not sworn and there was no signed and sworn affidavit accompanying the request.

In *Cunningham I*, the Supreme Court noted that "Cunningham argued the hourly rate was unreasonable and unsupported by the evidence, but he offered no evidence or further arguments on his behalf." *Cunningham I*, 161 Idaho at 699, 390 P.3d at 425. Later in the opinion, the Court, in distinguishing *State v. Weaver*, 159 Idaho 167, 345 P.3d 226 (Ct. App. 2014), stated, "But here, the number of hours and the hourly rate are both disputed." *Cunningham I*, 161 Idaho at 701, 390 P.3d at 427. The *Cunningham I* Court did not limit its review to the objection actually raised by Cunningham. The Court did not further mention the hourly rate, though it did conclude that generally statements that delineate the time spent performing specific tasks are required to support a restitution award. *Id*. at 702, 390 P.3d at 428. The Court indicated that its "focus" was on how a court may order restitution to the State for prosecution expenses "actually incurred."[6] The Court stated: "We conclude that the restitution award *is not supported by evidence*." *Id*. at 701, 390 P.3d at 427 (emphasis added). As noted above, the Court concluded:

---

[5] The restitution request also identified BANDIT, which we understand to be a drug task force within the Boise Police Department.

[6] The Court was referring to the language in Idaho Code § 37-2732(k) "and any other investigative or prosecution expenses actually incurred."

"We therefore hold that unsworn representations, even by an officer of the court, do not constitute 'substantial evidence' upon which restitution under I.C. § 37-2732(k) may be based." *Id*. at 702, 390 P.3d at 428.

The *Cunningham I* Court clearly required that in order to prove that expenses were "actually incurred," a sworn statement is necessary under I.C. § 37-2732(k).[7] *Cunningham I* dealt with proof of prosecution costs actually incurred. Here, the restitution claim is for investigative costs. However, I.C. § 37-2732(k) refers to "any other investigative or prosecution expenses actually incurred." While the level of detail as to specific tasks and time required for investigative expenses may be different from prosecution expenses (e.g. because of the manner of underlying recordkeeping), substantial evidence that the claimed expenses were actually incurred, whether for investigation or prosecution, requires a sworn statement. Regardless of whether Hess agreed to pay investigation and prosecution expenses and regardless of whether restitution is ordered at sentencing or at a separate hearing, the State is required to prove the expenses actually incurred by substantial evidence.

Because the State submitted unsworn evidence regarding the expenses of the Boise Police Department, the restitution request from the Boise Police Department did not constitute substantial evidence upon which a restitution award could be granted.

## B. Costs for the Ada County Prosecutor's Office

The State requested $391.95 in restitution to pay for the prosecution costs of the Ada County Prosecutor's Office. Hess objected to the costs of prosecution together with the BANDIT claim but only specifically argued that the BANDIT claim lacked sufficient detail. The district court granted the State's restitution request. Hess argues on appeal this restitution award was not supported by substantial evidence to establish that the requested amounts were actually incurred.

The State submitted a certificate of records as evidence of the prosecution costs. The certificate of records, which was subscribed and sworn, stated as follows:

1. I am employed by the Ada County Prosecuting Attorney and as such have access to the payroll records maintained by Ada County in the regular course of its business.

---

[7] There is no indication that Cunningham objected on the basis of lack of a sworn statement.

7

2. I am aware that the Ada County Prosecutor's Office keeps records regarding the attorney time spent prosecuting drug cases in anticipation of submitting a request for restitution pursuant to I.C. § 37-2732(k).

3. I have reviewed the time log in this case, which documents the prosecutor time spent prosecuting the above referenced drug case. [Attorney 1] spent .3 hours working on this case, [Attorney 2] spent .4 hours working on this case, [Attorney 3] spent .1 hours working on this case, and [Attorney 4] spent 1.1 hours working on this case. I've applied the appropriate payroll rate for said attorneys and calculated the aggregate actual prosecution cost to be a total of $125.31.

4. The undersigned has been made aware that pursuant to plea negotiations the above entitled defendant will pay the prosecution costs in Case No. CR01-16-38048. I have reviewed the time log in that case, which documents the prosecutor time spent prosecuting the above referenced drug case. [Attorney 5] spent 1.4 hours working on this case. [Attorney 6] spent .1 hours working on this case, [Attorney 7] spent 2.1 hours working on this case, and [Attorney 8] spent .1 hours working on this case. I've applied the appropriate payroll rate for said attorneys and calculated the aggregate actual prosecution cost to be a total of $266.64.

5. Pursuant to Idaho Code § 37-2732(k), the State requests restitution in the amount of $391.95.

6. The foregoing is true and correct to the best of my information and belief.

The question here is whether the certificate of records contains enough information to satisfy the standard set forth by the Supreme Court in *Cunningham I*. Hess argues there was not substantial evidence under *Cunningham I* to support the restitution ordered by the district court. Hess claims the State failed to provide substantial evidence required by the Supreme Court to establish that the $391.95 requested for the Ada County Prosecutor's Office was actually incurred within the meaning of I.C. § 37-2732(k). The State argues that because the evidence was a sworn statement of actual costs incurred, the request meets the requirements set forth in *Cunningham I*. This Court holds that the State's certificate of records failed to satisfy the standard set forth in *Cunningham I*.

We acknowledge the evidence presented in the present case is not identical to the evidence considered by the Supreme Court in *Cunningham I*. The most significant difference is that here, the certificate of records was subscribed and sworn. In its brief on appeal, the State focuses on the following statement from *Cunningham I*: "[U]nsworn representations, even by an officer of the court, do not constitute 'substantial evidence.'" According to the State, the certificate of records in this case is sufficient because the evidence was a sworn statement of actual costs incurred.

While the Supreme Court in *Cunningham I* ruled the statement of records was problematic because it was not a sworn statement, this Court does not read the Supreme Court's opinion to mean that by extension, every sworn statement is substantive evidence which warrants restitution under I.C. § 37-2732(k). Doing so would not only ignore the Supreme Court's analysis of the statement of costs,[8] but would also disregard the guidance at the end of the opinion, which states: "At a minimum, measuring up to section 37-2732(k)'s burden to prove expenses actually incurred will generally require sworn statements that delineate the time spent performing specific tasks." *Cunningham I*, 161 Idaho at 702, 390 P.3d at 428. Both the extended analysis and the guidance set forth by the Supreme Court suggest the State must provide more evidence regarding the amount of restitution than simply swearing to an otherwise foundationally insufficient document.

As applied to this case, even as admitted,[9] the restitution request did not contain substantial evidence to justify the award of restitution because it did not delineate the time spent on tasks. Insofar as the certificate of records in this case explained only that attorneys spent a specific number of hours "working on this case," the evidence failed to include the specific tasks required by the Supreme Court. As such, the State's certificate of records regarding the costs of the Ada County Prosecutor's Office does not constitute substantial evidence upon which restitution may be based. The district court therefore erred when it required Hess to pay $391.95 in restitution for the costs of the Ada County Prosecutor's Office. Consequently, we reverse the district court's restitution order and remand the case to the district court for further proceedings consistent with this opinion.

---

[8]     In *Cunningham I*, the Supreme Court determined the State's statement of costs was problematic because: (1) it was a boilerplate, fill-in-the-blank form the State used in other cases; (2) it merely identified the defendant, the case number, and the prosecutor, and simply stated the total number of attorney hours, the hourly rate, and the sum total of the request; (3) it did not contain itemized time entries explaining the tasks performed or the expenditures made in the particular case; and (4) although it was signed, the signature did not purport to certify the statement of costs as correct. *Cunningham I*, 161 Idaho at 700, 390 P.3d at 426.

[9]     Although trial counsel generally objected to the restitution request, counsel did not object on any hearsay grounds. Thus, while *Cunningham II* makes clear that a certificate of records is inadmissible hearsay without an exception, even if that certificate of records is signed and sworn, without such an objection, *Cunningham II* has limited applicability in this case.

## III.

## CONCLUSION

Hess agreed to pay restitution for investigative and prosecution expenses. Therefore, we could not generally object to a restitution order. However, the restitution expenses claimed by the Ada County Prosecutor's Office and the Boise Police Department were not supported by substantial evidence. We reverse the restitution order and remand this case to the district court for further proceedings consistent with this opinion.

Chief Judge GRATTON, **CONCURS**.

Judge LORELLO, **CONCURRING IN PART AND DISSENTING IN PART**.

I concur with the majority's opinion in relation to the restitution award for prosecution costs, but I respectfully dissent with respect to the restitution award for investigation costs.

As recognized in the majority opinion, one of the terms of Hess's plea agreement required him to pay restitution for the costs of prosecution and investigation. This agreement is reflected in Hess's guilty plea advisory form and in the "settlement sheet" that is included in the record and which indicates that: (1) "Restitution for costs of investigation, prosecution, and lab tests from both cases[1] will be ordered at sentencing"; and (2) Hess agreed to "pay drug restitution for costs of investigation and/or prosecution pursuant to I.C. § 37-2732(k) in an amount to be determined." In my view, Hess's agreement to pay such costs requires that he do so and explains the restitution procedures which occurred in this case.

It is not uncommon for restitution to be requested and ordered at the time of sentencing as was contemplated by the settlement sheet in Hess's case. Indeed, the general restitution statute provides that restitution orders shall be entered by the trial court at the time of sentencing or such later date as the trial court may deem necessary. I.C. § 19-5304(6). Consistent with this and Hess's agreement, at the sentencing hearing, the State submitted a sworn certificate signed by an employee of the Ada County prosecutor's office regarding the costs of prosecution and the presentence investigation report included a "Narcotics Restitution Request" form completed by a narcotics lieutenant from the Boise City police department. The State referenced these requests as part of its sentencing argument.

---

1    Hess was charged with trafficking in heroin in two separate cases. The plea agreement provided that he would be plead guilty in one case and the second case would be dismissed following sentencing.

10

Despite his agreement to pay restitution for the costs of prosecution and investigation, at the conclusion of his sentencing argument, counsel for Hess made the following objection:

> Your Honor, with regards to the restitution, we do object to the costs of prosecution as well as the BANDIT. The information I was provided with regards to the BANDIT reimbursement, simply just lists the number of hours of investigation. I don't think we would object to the monies, the $1,100, that were used as the buy money, but I don't have any detailed information as to the level of their investigation to get that amount. I think it's $5,900 was the amount that they're asking reimbursement for their BANDIT investigation, and to know that the majority of the substance that was obtained was hand-delivered by [Hess], and so we would object to the costs of prosecution and the BANDIT amount.
>
> I know that [Hess] does want to address you, Your Honor, and I would leave that to him. Thank you.

After Hess addressed the district court, it set forth its sentence and the reasons therefore, and then ordered restitution. In ordering restitution, the district court explained: "it seems to me in looking at the police reports and the other materials submitted in connection with the presentence report, that there is sufficient documentation to warrant the state's restitution order." The district court's decision to award restitution was not only a component of Hess's plea agreement, it was specifically authorized by statute. *See* I.C. § 37-2732(k). Under the statute, recoverable costs include those actually incurred for the purchase of evidence; travel and per diem for law enforcement officers and witnesses throughout the course of the investigation, hearings, and trials; and any other investigative or prosecution expenses, including regular salaries of employees. *Id.* In terms of the quantum of evidence required to support a restitution award, the Idaho legislature has stated that economic loss under the general restitution statute shall be based upon a preponderance of the evidence. I.C. § 19-5304(6). This same standard has been applied to restitution ordered pursuant to I.C. § 37-2732(k). *State v. Cunningham*, 161 Idaho 698, 700, 390 P.3d 424, 426 (2017) (*Cunningham I*). A preponderance of the evidence means that the evidence shows something to be more probably true than not. *Ada Cty. Prosecuting Attorney v. DeMint*, 161 Idaho 342, 344, 385 P.3d 897, 899 (Ct. App. 2016). Idaho's appellate courts have also stated that the amount of restitution to award is a question of fact for the district court, whose findings will not be disturbed if supported by substantial evidence. *See Cunningham I*, 161 Idaho at 700, 390 P.3d at 426; *State v. Weaver*, 158 Idaho 167, 170, 345 P.3d 226, 229 (Ct. App. 2014). Substantial evidence is relevant evidence as a reasonable mind might accept to support a conclusion. *Cunningham I*, 161 Idaho at 702, 390 P.3d at 428.

The evidence presented to support the State's restitution request for the costs of prosecution in this case included a sworn "Certificate of Records" from an employee of the Ada County prosecutor's office indicating that the employee had "been made aware that pursuant to plea negotiations [Hess] will pay the prosecution costs" in this case. The sworn certificate identified the name of each prosecutor who logged time on Hess's case and the amount of time each prosecutor spent. The certificate did not, however, identify the specific tasks performed. The certificate further indicated that, based on application of "the appropriate payroll rate" for the prosecutors who logged time on the case, the total prosecution costs requested were $391.95.

The evidence presented to support the State's restitution request for the costs of investigation of Hess's case included the narcotics restitution request form which lists expenses for the Boise City police department broken down into three categories: (1) investigative hours ($5,603.20); (2) overtime hours ($121.20); and (3) evidence purchases ($1,600). The narcotics restitution request was included in the presentence investigation report along with several pages documenting the police investigation conducted in Hess's case.

On their face, the documents offered and considered by the district court in support of its restitution award seem to satisfy the preponderance and substantial evidence standards. However, the issue is whether those documents are sufficient post-*Cunningham I* and its companion case, *State v. Nelson*, 161 Idaho 692, 390 P.3d 418 (2017). The majority has concluded that they were not. As to the costs of investigation, the majority holds that the evidence submitted was insufficient because *Cunningham I* requires a sworn statement in order to provide substantial evidence that the costs requested were actually incurred, and since the narcotics restitution request form is not sworn, the evidence was insufficient.[2] I do not read *Cunningham I* or *Nelson* this broadly.

---

[2] Hess did not object to the documents associated with restitution for investigation costs on the basis that they were unsworn; this objection by Hess is raised for the first time on appeal. Generally, the failure to raise an objection in the trial court forecloses consideration of the issue on appeal. *See State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017) (holding that appellate court review is limited to the evidence, theories, and arguments that were presented below); *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992) (citing principle that issues not raised below may not be considered for the first time on appeal). I see no reason why this principle should not apply here. While a defendant does not generally have to challenge the sufficiency of the evidence presented in a criminal trial in order to raise the issue of sufficiency on appeal, sufficiency of the evidence is a different question than admissibility of evidence. Once the evidence is admitted, it should be considered in the sufficiency analysis. *See*

In *Nelson*, the Supreme Court considered a restitution award for costs of prosecution under I.C. § 37-2732(k). The evidence presented at the restitution hearing in *Nelson* was an unsworn statement of costs reflecting 33.9 attorney hours, multiplied by a $140 hourly rate, for $4,746 in restitution. Nelson objected to the restitution on several bases: (1) that it would punish her for exercising her right to trial; (2) the evidence did not demonstrate that costs for the mistrial were excluded; (3) the evidence did not delineate costs incurred to prosecute her husband; (4) the evidence did not demonstrate the costs for the charges on which Nelson was acquitted were excluded; and (5) the hourly rate was excessive because it did not accurately reflect the prosecutor's rate of pay. The district court awarded the requested amount despite Nelson's objections. On appeal, the Supreme Court stated its focus was on prosecution costs "actually incurred." The Court found the only evidence presented--the statement of costs--was problematic because it was a "fill-in-the-blank-style form" that identified the defendant, the case number, the prosecutor, the total number of attorney hours, the hourly rate, and the sum total of the request, but did not "contain itemized time entries explaining the tasks performed or the expenditures made in the particular case." *Nelson*, 161 Idaho at 421-22, 390 P.3d at 695-96. The Court further noted that the statement of costs did not indicate that the restitution request was only for expenses actually incurred in prosecuting the charge resulting in Nelson's conviction and not those resulting in a mistrial, acquittal, or Nelson's husband's conviction. *Id.* Further, the statement of costs was signed but not certified as correct. *Id.* The Court expressed the same concerns in *Cunningham I*, where the only evidence presented at the restitution hearing was a similar unsworn statement of costs. In other words, in both *Cunningham I* and *Nelson*, the

_____

*Phillips v. Erhart*, 151 Idaho 100, 105, 254 P.3d 1, 6 (2011) (recognizing the general rule is that where hearsay evidence is admitted without objection, it may properly be considered in determining the facts; the important question being the weight to be given such evidence). If Hess had an objection to the narcotics restitution request on the basis that it was unsworn, he should have raised it below. Such a requirement is consistent with the Idaho Supreme Court's opinion in *State v. Wisdom*, 161 Idaho 916, 393 P.3d 576 (2017). In *Wisdom*, the defendant contended, for the first time on appeal, that Idaho Medicaid State Operations is not a victim eligible for restitution. *Id.* at 919, 393 P.3d at 579. The Court declined to address the issue because it was not preserved. *Id.* at 920, 393 P.3d at 580. Nevertheless, for the reasons set forth herein, I would conclude that the evidence of investigation costs was sufficient despite the unsworn nature of the narcotics restitution request form.

only evidence presented at the restitution hearings in support of prosecution costs was a single, summary, unsworn document.

The Court's concerns regarding the unsworn statement of costs in *Nelson* and *Cunningham I* as the sole evidentiary basis for restitution made sense on the facts of those cases. One of the underlying concerns in both cases was related to the $140 per hour billing rate used to calculate restitution since there was no evidentiary basis for that rate and the rate did not reflect the actual regular salary of the prosecutor. *See* I.C. § 37-2732(k) (authorizing restitution for "regular salaries"). There were additional concerns in *Nelson* related to whether the requested restitution included costs associated with conduct for which the State was not legally entitled to restitution, such as activities related to the mistrial, the acquittal, and the prosecution of Nelson's co-defendant. It was in this context that the Court held that "unsworn representations, even by an officer of the court, do not constitute 'substantial evidence' upon which restitution under section 37-2732(k) may be based" and stated that "at a minimum, measuring up to section 37-2732(k)'s burden to prove expenses actually incurred will generally require sworn statements that delineate the time spent performing specific tasks." *Cunningham I*, 161 Idaho at 702, 390 P.3d at 428.

In Hess's case, however, the restitution award for investigation costs was not based solely on an unsworn statement. Rather, in awarding restitution for investigation costs, the district court considered the narcotics restitution request form, which delineated costs by investigative hours, overtime hours, and evidence purchases, and considered the police reports and other materials submitted with the presentence investigation report. To be sure, the narcotics restitution request form is not sworn in that it does not contain a notary or any language certifying it as true and accurate; it only contains a signature line with the typed name of the narcotics lieutenant. However, that alone does not mean the costs identified therein were not actually incurred. Moreover, unlike *Cunningham I* and *Nelson*, the unsworn form was not the sole basis for the restitution award for investigation costs. The police reports and materials submitted with the presentence investigation report were also considered, and properly so. *See Wisdom*, 161 Idaho at 922, 393 P.3d at 582 (holding the defendant's guilty plea and the presentence materials were sufficient to support the district court's conclusion that defendant caused the counseling expenses for which restitution was ordered).

14

Hess also argues that the evidence of investigation costs was insufficient because it did not include adequate detail regarding law enforcement time spent performing specific tasks. I acknowledge that both *Cunningham I* and *Nelson* state the broad proposition that measuring up to Section 37-2732(k)'s burden to prove expenses actually incurred will generally require sworn statements that delineate the time spent performing specific tasks. However, that proposition was stated in the context of costs of prosecution. Even though I.C. § 37-2732(k) places prosecutor's offices and law enforcement agencies in the same category, the statute itself does not articulate the requirement that restitution requests for those entities must delineate the time spent performing specific tasks. That requirement is solely a product of case law involving a restitution award for costs of prosecution. While the Idaho Supreme Court may not ultimately distinguish between the two entities in deciding what is required to support a restitution award under I.C. § 37-2732(k), the Court did not squarely address that question in *Cunningham I* or *Nelson*. Moreover, it is worth noting that the newly adopted Idaho Criminal Rule 37, which is to become effective July 1, 2019, was the product of the Court's opinion following remand of *Cunningham I* and that rule is expressly limited to prosecuting attorney fees.

In *Cunningham I*, the Court remanded for further proceedings consistent with the opinion. *Cunningham I*, 161 Idaho at 702, 390 P.3d at 702. On remand, the district court conducted a second restitution hearing at which an administrative assistant from the prosecuting attorney's office testified. *See State v. Cunningham*, 164 Idaho 759, 435 P.3d 539 (2019) (*Cunningham II*). The assistant testified that she used a timesheet that was completed by the prosecutors for purposes of calculating restitution in drug cases. The assistant also prepared an affidavit stating that she applied the payroll rate for each attorney to the time logged in order to calculate the prosecution costs. Over Cunningham's objection, the district court admitted both the timesheet and the affidavit as business records under I.R.E. 803(6).

On appeal following remand, the Supreme Court first considered whether the hearsay rules apply to restitution hearings under I.C. § 37-2732 even though those rules do not apply when restitution is sought under I.C. § 19-5304. *See Cunningham II*, 164 Idaho at 763, 435 P.3d at 543. The Court held that the rules do apply in I.C. § 37-2732 cases because I.C. § 19-5304(6) "does not expressly extend to" I.C. § 37-2732(k). *Cunningham II*, 164 Idaho at 763, 435 P.3d at 543. Applying the hearsay rules, the Court held that the timesheet and affidavit admitted over Cunningham's objection did not qualify for the business records exception. The Court further

held that, because neither the timesheet nor the affidavit were properly admitted, the restitution award was not supported by substantial evidence since the administrative assistant's testimony was the only other evidence and that testimony was reliant on the timesheet and affidavit. The Court concluded its opinion by recognizing its decision would effectively mean "that there will have to be evidentiary hearings in cases where State restitution requests are disputed." *Cunningham II*, 164 Idaho at 765, 435 P.3d at 545. Consequently, the Court referred the issue to the Idaho Criminal Rules Committee "to consider making rule changes to facilitate the fair and efficient handling of restitution claims" under I.C. § 37-2732(k). *Cunningham II*, 164 Idaho at 765, 435 P.3d at 545. Idaho Criminal Rule 37 is the result of that referral and its adoption will read:

> Rule 37. Reimbursement pursuant to Idaho Code Section 37-2732(k); prosecuting attorney fees.
> A motion for attorney fees as costs incurred by the prosecuting attorney must be supported by an affidavit of the attorney setting forth:
> - the basis and method of computation;
> - the number of hours actually spent on the case;
> - the hourly rate;
> - a brief description of the tasks performed, and
> - a certification that the statement of costs is correct.

That Rule 37's requirements are limited to prosecuting attorney fees indicates that the standards set forth in *Cunningham I* and *Nelson* were only intended to apply to the restitution requests at issue in those cases (prosecuting attorney fees) and not to other requests under I.C. § 37-2732(k), like the costs of investigation at issue in Hess's case. I would conclude as much in this case and would hold that there was a preponderance of evidence to support the district court's restitution award for investigation costs and that Hess has failed to show the district court did not have substantial evidence to support that award.

As to the costs of prosecution, the majority holds that the evidence was insufficient because the sworn certificate did not comport with the guidance from *Cunningham I* that a sworn statement of prosecution costs must delineate the time spent performing specific tasks. *Cunningham I* (and *Nelson*) appear to compel this result even though, unlike the defendants in those cases, Hess agreed to pay the costs of prosecution and stated no basis for objecting to the costs set forth in the certificate submitted to the district court. Therefore, I concur in the

majority's decision to vacate the award for prosecution costs and remand for further proceedings with respect to that portion of the restitution award.